SEATTLE ASSOCIATION OF CREDIT MEN *vs.*
FRANKLIN MACHINE COMPANY.

JULY 29, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

508

CAPOTOSTO, J. In this case the defendant, appearing specially, filed a plea in abatement to the plaintiff's writ and declaration on the ground that the writ stated no known form of action. The case is before us upon the plaintiff's exception to the decision of the trial justice sustaining the plea and also on an exception to a ruling denying its motion to amend the writ and declaration.

The plaintiff commenced the proceeding by an original

writ, issued from the superior court, which summoned the defendant to answer the complaint of the plaintiff in an action of "the case for money had and received." The declaration, which describes the action in the same terms, states in substance that the defendant, by virtue of an alleged preference, was liable to the plaintiff under a statute of the state of Washington for money had and received by the defendant from the plaintiff's assignor.

The defendant, admitting that an action of the case for money had and received is an assumpsit action, contends that the plaintiff has not "properly observed the rules of pleading" and that the writ describes no form of action known to the law of this state. In support of this contention it relies strongly on the case of *Royce, Allen & Co. v. Oakes,* 20 R. I. 418, as authority for the proposition that an action on the case will not lie for money had and received.

In this state the forms and principles of common-law pleading still prevail except as they are modified by statute. Generally speaking, the action of case or trespass on the case came into existence under the statute of Westminster, 13 Edw. I, chap. 24 (1285), and was designed to furnish relief against the rigidity of the then well-known writs at common law. In the course of time this form of action was recognized as proper to bring before the court matters, arising either in tort or in contract, that could not be adequately litigated under other established forms of writs. However, upon bringing such an action it became, and presently it is, incumbent on a plaintiff to indicate in his writ and declaration whether in the special circumstances of the case the cause of action sounds in tort or in contract. The two causes of action, so different in character, scope, pleading and proof, cannot be prosecuted under the same writ by means of separate counts in the declaration.

A proper understanding of the real holding in *Royce, Allen & Co. v. Oakes, supra,* requires that the case be read in connection with a prior decision of this court in that

same case. In *Royce, Allen & Co.* v. *Oakes,* 20 R. I. 252, the action was trespass on the case. The declaration contained two counts, one in trover and the other for larceny, both causes of action sounding in tort. Defendant demurred to both counts. The demurrer to the first count was overruled for reasons not necessary to mention here, but it was sustained as to the second count because that count failed to allege compliance with a certain statute. It was not sustained on the specific ground urged by the defendant that the plaintiff had joined in the same count a cause of action *ex contractu* with one *ex delicto.*

Following that decision the plaintiff amended the second count and the defendant again demurred thereto on the ground that the cause of action, if any, set forth therein was an action of contract and not an action sounding in tort. This gave rise to the decision in the second *Royce, Allen & Co.* case, *supra,* which the defendant here, like some text writers, construes as authority for the proposition that a plaintiff cannot bring an action of the case for money had and received, the remedy being either assumpsit or debt. Such a view of the second *Royce* case is fundamentally erroneous as it misconceives the true intent and meaning of that decision.

Keeping in mind that the action originally was brought for a wrong arising in tort, that case is authority only for the proposition that a writ in trespass on the case sounding in tort will not support a count sounding in contract. This view of the second *Royce* case was tersely expressed in *Bagaglio* v. *Paolino,* 35 R. I. 171, at page 174, where the court, speaking of that case, said: "In its decision the court was not concerned because the form of action was trespass on the case, but because the plaintiffs were attempting to recover for money had and received by a tort action." In other words, there was an inconsistency between the count of the declaration and the form of action which the court declined to approve.

The instant case is clearly distinguishable from the

second *Royce* case upon which the defendant relies. Here there is no question of misjoinder of counts in a declaration. The writ under consideration is for "an action of the case for money had and received," and the declaration is based on the same cause of action. The defendant, notwithstanding its admission that an action for money had and received is an assumpsit action, nevertheless insists that the writ here should have described the action either as trespass on the case *in assumpsit* or as an action of the case *in assumpsit* for money had and received. In brief, the defendant contends that because the plaintiff failed to use the technical words *in assumpsit* in describing his cause of action the writ is invalid. The contention is without merit.

Trespass on the case, ordinarily called case, is the common-law form of action to recover damages for consequential injury arising either in tort or in contract. *Bagaglio* v. *Paolino, supra.* The question now before us needs no further consideration as we are of the opinion that the writ in the instant case sufficiently identifies the plaintiff's cause of action as one arising in contract. It is too technical to contend that "an action of the case for money had and received" is not an action of the case *in assumpsit.* Such an action as here described in the writ could only be one in assumpsit. In view of our conclusion it is unnecessary to consider the plaintiff's exception to the denial of its motion to amend the writ.

The plaintiff's exception to the decision of the trial justice on defendant's plea in abatement is sustained, and the case is remitted to the superior court for further proceedings.

*Zietz & Sonkin, Milton Stanzler,* for plaintiff.

*Hinckley, Allen, Tillinghast & Wheeler, Noel M. Field, Thomas J. Hogan,* for defendant.